KINSLEY *v.* BUFFALO, N. Y. & P. R. Co.

(*Circuit Court, W. D. Pennsylvania.* November 20, 1888.)

1. CARRIERS—OF FREIGHT—DISCRIMINATION.
    The doctrine of *Hays* v. *Pennsylvania Co.,* 12 Fed. Rep. 309, that discriminations by railroad companies in freight rates, based solely on the amount of freight shipped, are unwarrantable, approved.
2. SAME.
    The larger proportionate expense attending the handling and transportation of a smaller shipment of freight does not, of itself, warrant a railroad company, or a receiver operating the railroad, in charging a higher rate thereon than was charged for a larger shipment.
3. SAME.
    Such increased proportionate expense does not differentiate the service performed for the several shippers, nor the conditions or circumstances under which it was performed.

In Equity.

In the matter of the petition of A. L. Couper, alleging that G. Clinton Gardner, receiver of the Buffalo, New York & Philadelphia Railroad Company, (appointed by the court,) had made undue and unreasonable discrimination between himself and other persons in freight charges for the transportation of oil, etc.

*R. F. Glenn*, for petitioner.
*James D. Hancock*, for the receiver.
Before McKennan and Acheson, JJ.

Per Curiam. The petitioner seeks to obtain reimbursement from the receiver of the sum of $478.44, with interest from April 3, 1887, which he alleges was unlawfully exacted from him as and for freights for the transportation of oil upon the railroad in the custody of the receiver. The exaction of this sum is admitted, as is also the fact that a less rate was charged to another shipper of oil upon the railroad. This charge is justified by the master upon the ground that the quantity of oil shipped by another shipper was much larger than that shipped by the petitioner, and hence that the larger proportionate expense attending the handling and transportation of the smaller shipment warranted a higher rate than was charged for the larger shipment. In this conclusion we do not agree with the learned master. It does not differentiate the service performed for the several shippers, nor the conditions or circumstances under which it was performed. The only difference is that in one case the quantity shipped was larger, and in the other case it was smaller. This has been repeatedly held to be an insufficient and unwarrantable reason for discriminating rates of charge. See *Hays* v. *Pennsylvania Co.*, 12 Fed. Rep. 309. In the statement of the law by Judge Baxter we concur, and for this reason we cannot approve the master's finding that the petition ought to be dismissed. We agree with the master that the petitioner's claim for hire of cars ought to be disallowed. We therefore direct that a decree be entered in favor of the petitioner for the sum of $478.44, with interest from April 3, 1887, and costs against the Buffalo, New York & Philadelphia Railroad Company.